THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HOW-ARD R. BELL, Defendant-Appellant.

First District (3rd Division)   No. 1—89—1372

Opinion filed February 24, 1993.

Rita A. Fry, Public Defender, of Chicago (Tina Liebling, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, Judith Hannah, and Leslie M. German, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Defendant Howard R. Bell was indicted for armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2 (now 720 ILCS 5/18—2 (West 1992))) and aggravated unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—3.1 (now 720 ILCS 5/10—3.1 (West 1992))). After a bench trial, defendant was convicted on the armed robbery charge and sentenced to 60 years' imprisonment. It is from the judgment of conviction that defendant brings this appeal pursuant to Supreme Court Rule 603. 134 Ill. 2d R. 603.

On appeal, defendant contends that: (1) he was denied a fair trial where the trial judge relied upon an incorrect recollection of the evidence and used illogical inferences to determine guilt; (2) his trial was fundamentally unfair where the prosecutor argued that defendant had a propensity to commit crime and the trial judge expressly considered propensity evidence; and (3) an inoperable replica of a gun is not a deadly weapon within the meaning of the armed robbery statute. We affirm.

The State has urged that defendant has waived review of the majority of the issues raised in this appeal. Addressing the issue of waiver, the Illinois Supreme Court has stated that absent plain error, "*[b]oth* a trial objection *and* a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial." (Emphasis in original.) (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274; see also *People v. Nevitt* (1990), 135 Ill. 2d 423, 553 N.E.2d 368.) Accordingly, we shall first review whether the issues defendant raises are cognizable on appeal.

■ With regard to the first issue raised by defendant, whether he was denied a fair trial where the trial judge relied upon an incorrect recollection of the evidence and used illogical inferences to determine

guilt, we find that review has been waived. Defendant waived this issue by failing to raise it in his post-trial motion and making an objection at trial. Regarding the second issue urged by defendant, whether defendant's trial was fundamentally unfair where the prosecutor argued that defendant had a propensity to commit crime and the trial judge expressly considered propensity evidence, we conclude that this issue is also not cognizable on appeal for defendant's having failed to object properly during trial and in his post-trial motion.

Additionally, after a careful review of the record, we perceive no error such that the plain error rule would apply. To apply the plain error rule, the evidence must be closely balanced or the error must be of such magnitude that the defendant was denied a fair and impartial trial. (*People v. Young* (1989), 128 Ill. 2d 1, 47, 538 N.E.2d 453.) The record in the present case reveals that the evidence was not so closely balanced such that the alleged errors denied defendant a fair and impartial trial. The challenged remarks, even if improper, do not constitute plain error and therefore no reason exists to disregard the general waiver rule. Thus, only defendant's final issue on appeal shall be reviewed by this court. Consequently, we shall set forth only those facts salient to that issue.

The robbery of which defendant was convicted occurred on April 11, 1987, at Lucky's, a fast-food restaurant located at the intersection of 63rd Street and Cicero Avenue in the City of Chicago. At trial, Christopher Mereditis, an employee of Lucky's, testified that at 11:45 p.m., defendant entered the restaurant and approached the front counter. Mereditis then asked defendant if he could be of assistance. Whereupon, defendant lifted his hands onto the counter, revealing the inoperable replica of a gun in his right hand and a purple sack in his left. Defendant demanded that Mereditis empty the contents of the restaurant's cash register into the sack. Mereditis complied with this request and then defendant fled from the premises.

We now examine defendant's contention that an inoperable replica of a gun is not a deadly weapon within the meaning of the armed robbery statute. In Illinois, armed robbery is defined as the following:

> "§ 18—2. Armed Robbery. (a) A person commits armed robbery when he or she violates Section 18—1 while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." (Ill. Rev. Stat. 1985, ch. 38, par. 18—2 (now 720 ILCS 5/18—2 (West 1992)).)

Robbery is defined as follows:

> "§ 18—1. Robbery. (a) A person commits robbery when he takes property from the person or presence of another by the use of

force or by threatening imminent use of force." (Ill. Rev. Stat. 1985, ch. 38, par. 18—1.)

Thus, our decision in this case hinges upon whether the inoperable replica of a gun that defendant used in the robbery is a "dangerous weapon" with the meaning of the armed robbery statute. Both defendant and the State have directed our attention to the decision of the Illinois Supreme Court in *People v. Skelton* (1980), 83 Ill. 2d 58, 414 N.E.2d 455, as controlling of this question.

In *Skelton,* our supreme court noted:

"[M]any objects, including guns, can be dangerous and cause serious injury, even when used in a fashion for which they were not intended. Most, if not all, unloaded real guns and many toy guns, because of their size and weight, could be used in deadly fashion as bludgeons. Since the robbery victim could be badly hurt or even killed by such weapons if used in that fashion, it seems to us they can properly be classified as dangerous weapons although they were not in fact used in that manner during the commission of the particular offense. It suffices that the potential for such use is present; the victim need not provoke its actual use in such manner.

In the great majority of cases it becomes a question for the fact finder whether the particular object was sufficiently susceptible to use in a manner likely to cause serious injury to qualify as a dangerous weapon. Where, however, the character of the weapon is such as to admit of only one conclusion, the question becomes one of law for the court." (83 Ill. 2d at 66.)

The supreme court then went on to hold, as a matter of law, that the plastic toy gun at issue in *Skelton* was not a dangerous weapon within the meaning of the armed robbery statute. In reaching its conclusion, the *Skelton* court focused on the fact that the toy gun was too small and light in weight to be effectively used as a bludgeon, could not fire blank shells or air pellets, or give off a flash.

■ In the present case, we believe that the record contains more than adequate evidence to conclude that the inoperable replica could be used as a deadly bludgeon. Officer Robert Navigato of the Chicago police department testified that the inoperable gun was a replica of a bluesteel .45-caliber revolver. Mereditis described the gun as a big, black, cowboy revolver. In holding the replica to be a dangerous weapon, the trial court noted that it was "a very heavy item, *** not a small inoffensive looking toy gun. *** It is as heavy as an actual gun *** and *** it is capable of being used as a bludgeon." Thus, we believe the replica gun involved in this case is easily distinguishable from the plastic toy at issue in *Skelton.* Consequently, we perceive no error in the trial court's determination that the replica gun was a deadly weapon within the meaning of the armed robbery statute.

For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CERDA and GREIMAN, JJ., concur.